TOWN OF GREENBUSH, Appellant, vs. CITY OF PLYMOUTH, imp., Respondent.

*September 16, 1938—February 7, 1939.*

For the appellant there was a brief by *Bassuener, Humke & Poole* of Sheboygan, and oral argument by *John M. Poole.*

*G. D. Gaynor,* city attorney, for the respondent.

A brief was also filed by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, as *amicus curiæ.*

The following opinion was filed November 9, 1938:

FRITZ, J. Upon the appeal to this court, the town of Greenbush contends that the Industrial Commission was without jurisdiction to hear and determine the proceeding commenced by the city of Plymouth under sec. 49.03 (8a) (a), Stats., because that section is unconstitutional for the reason that it purports to confer judicial powers on an agency other than a court contrary to the provisions of secs. 2 and 8 of art. VII, and sec. 5 of art. I of the constitution of this state. Those contentions cannot be sustained for the reasons stated in the opinion filed in *Holland v. Cedar Grove, ante,* p. 177, 282 N. W. 111.

However, as is also stated in that opinion, "sec. 49.03, Stats., makes no provision for an action by anyone except by the county where the relief is furnished against the munici-

pality of settlement. . . . The only action to be begun is by the county against which the relief is charged against the municipality of legal settlement. This clearly applies to counties and not to the municipality furnishing relief. . . . The whole proceeding began by the village of Cedar Grove filing a so-called complaint against the county of Sheboygan and the town of Holland. As already pointed out it was the duty of the county of Sheboygan to pay the claim and in the event that it refused to do so, the remedy of the village of Cedar Grove was by *mandamus* to compel the performance of a statutory duty." Therefore we concluded in that case that the Industrial Commission had no power, under sec. 49.03, Stats., to try and determine the claim of the village of Cedar Grove against the town of Holland which was involved in that case. For the same reasons we must likewise conclude in this case that the proceedings instituted by the city of Plymouth before the Industrial Commission were wholly unauthorized, and that therefore everything that the commission undertook to do therein was unauthorized and void. It follows that the judgment of the circuit court confirming the commission's determination must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the determination by the Industrial Commission without prejudice to the right of the city of Plymouth and the county of Sheboygan to assert such rights as they may have in a proper action or proceeding under the law.

A motion for a rehearing was denied, with $25 costs, on February 7, 1939.